1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Debra Jilka,                        )   No. CV-03-1369-PHX-MHM
                                       )
10     Plaintiff,                      )   **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    DriveTime Automotive Group aka Ugly)
13  Duckling Corporation,              )
                                       )
14     Defendant.                      )
                                       )
15  _____)

17   Plaintiff pro se has filed a motion for leave to supplement the complaint in which Plaintiff seeks leave to file an amended complaint. (Doc. 103). Plaintiff has submitted a copy of her proposed amended complaint. Defendant has filed a response opposing the motion. (Doc. 105).

21   Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires" and this policy "'is to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). Inferences should be drawn "in favor of granting the motion" to amend. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). The Court has considered Plaintiff's motion in the context of the relevant factors of bad faith, undue delay, prejudice to the opposing party, and/or futility. Owens, 244 F.3d at 712.

1    Plaintiff seeks leave to amend the complaint to assert claims for obstruction of justice
2 under 18 U.S.C. § 1512, a federal criminal statute. (See counts one through five, nine and
3 ten of the proposed amended complaint). However, § 1512 provides no private cause of
4 action for damages in civil actions. See Gipson v. Callahan, 18 F. Supp. 2d 662, 668
5 (W.D.Tex. 1997)(no private cause of action under 18 U.S.C. § 1512); Boisjoly v. Morton
6 Thiokol, Inc., 706 F. Supp. 795, 806 (D. Utah 1988)(same).

7    Plaintiff also seeks to add a claim for "retaliatory practice." (See count six of the
8 proposed amended complaint). Plaintiff contends that her employment was terminated the
9 day after she sent an e-mail to Human Resources making a charge concerning unlawful
10 employment practices. Plaintiff has attached to her proposed amended complaint a copy of
11 the e-mail. Plaintiff further alleges that her "terminating Manager" has stated in deposition
12 that Plaintiff's employment was terminated as a result of this e-mail. Plaintiff has attached
13 a transcript page of the referenced deposition in support of her claim. However, as
14 Defendant has pointed out, in the e-mail Plaintiff appears to be complaining that her
15 supervisor discussed with her employment matters not related to Plaintiff, that is, "several
16 people" who were "written up last week for attendance, lates, etc." The testimony reflected
17 on the attached deposition page does not indicate that Plaintiff's employment was terminated
18 as a result of this e-mail.

19    Finally, Plaintiff has asserted claims that Defendant is in violation of the Equal Pay
20 Act of 1963 and for "discrimination in the workplace" based on Defendant's alleged payment
21 of higher wages to a certain identified employee while paying substantially less to all other
22 similarly situated persons. (See counts seven and eight of the proposed amended complaint).
23 Plaintiff has not asserted that she has suffered any injury as a result of Defendant's alleged
24 action. See Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d
25 1053, 1057 (9th Cir. 2004)(a plaintiff must have a personal stake in the outcome; a plaintiff
26 must show she has suffered "injury in fact" that is concrete and particularized, etc.).

27    Liberally construing Plaintiff's request to file an amended complaint, it appears that
28 the new claims set forth in the proposed amended complaint are subject to dismissal and thus

1 are futile. Moreover, as Defendant has noted, the discovery deadline was extended in this
2 case. Discovery closed on June 27, 2005. Any amendment to the complaint at this late date
3 would cause undue delay and resulting prejudice.

4 **Accordingly,**

5 **IT IS ORDERED** that Plaintiff's motion for leave to supplement the complaint in
6 which Plaintiff seeks leave to file an amended complaint (Doc. 103) is denied.

7 DATED this 12th day of October, 2005.

*Mary H. Murguia*
*United States District Judge*