**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jilka, ) | No. CV 03-1369-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| DriveTime Automotive Group aka Ugly ) Duckling Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff proceeding pro se has filed a complaint asserting claims based on age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 et seq., and violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. Defendant DriveTime Automotive Group aka Ugly Duckling Corporation has filed a motion for summary judgment as to all claims asserted by Plaintiff. (Doc. 107). Plaintiff has filed a response in opposition on summary judgment (Doc. 109) and Defendant has filed a reply. (Doc. 111). The parties have supported their summary judgment papers with separate statements of facts. (Doc. 108, 112 & 122). Plaintiff has filed a response to Defendant's reply (Doc. 116) and a response to Defendant's supplemental statement of facts and to Defendant's factual objections. (Doc. 117). Defendant has moved to strike these responses. (Doc. 118). In addition, the parties have filed various motions to strike affidavits. (Doc. 110, 114-15).

1   The Court has determined that disposition of the pending motions is appropriate
2   without oral argument. The Court enters this Order on these summary judgment proceedings.

3                                                          I.
4                                              Standard of Review.

5   A motion for summary judgment may be granted only if the evidence shows "that
6   there is no genuine issue as to any material fact and that the moving party is entitled to
7   judgment as a matter of law." Fed.R.Civ.P. 56(c). "Material facts are those which might
8   affect the outcome of the suit. ... An issue is genuine if a reasonable trier of fact could find
9   in favor of the nonmoving party." Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1146 (9th Cir.
10  2005).  To defeat the motion, the non-moving party must show that there are genuine factual
11  issues "that properly can be resolved only by a finder of fact because they may reasonably
12  be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250,
13  106 S.Ct. 2505, 2511 (1986). The party opposing summary judgment "may not rest upon the
14  mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts
15  showing that there is a genuine issue for trial." Rule 56(e). See also, Matsushita Elec. Indus.
16  Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

17                                                         II.
18                      The Parties' Motions to Strike and Factual Objections.

19  Defendant has moved to strike Plaintiff's response to its reply (Doc. 116) and her
20  response and objections (Doc. 117) to Defendant's supplemental statement of facts in support
21  of its reply. (Doc. 118). Pursuant to Local Rules Civil 56.1, Rules of Practice for the District
22  of Arizona, the summary judgment briefing was completed when Defendant filed its reply
23  in support of summary judgment. Defendant's motion to strike (Doc. 118) is granted.

24  Under Fed.R.Civ.P. 56(e), "the adverse party's response, by affidavits or as otherwise
25  provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for
26  trial."  However, "[t]o survive summary judgment, a party does not necessarily have to
27  produce evidence in a form that would be admissible at trial, as long as the party satisfies the
28  requirement of Federal Rule of Civil Procedure 56". Block v. City of Los Angeles, 253 F.3d

- 2 -

1  410, 418-19 (9th Cir. 2001). The Ninth Circuit has held that generally, information submitted
2  at the summary judgment stage may be considered if its contents would be admissible at trial.
3  See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003)(the district court properly
4  considered the contents of plaintiff's diary on summary judgment; "[a]t the summary
5  judgment stage, we do not focus on the admissibility of the evidence's form"). However, the
6  "nonmoving party cannot rely upon conclusory allegations in its pleadings or memoranda and
7  briefs to establish a genuine issue of material fact." Pastore v. Bell Telephone Co. of
8  Pennsylvania, 24 F.3d 508, 511-12 (3d Cir. 1994). Speculative testimony in affidavits and
9  moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.
10 Thornhill Pub. Co. Inc. v. Gen. Tel. & Electronics Corp., 594 F.2d 730, 738 (9th Cir. 1979).
11      Plaintiff has submitted the affidavit of Chris Romano who also was employed by
12 Defendant and who is now married to Plaintiff. Defendant has moved to strike Mr. Romano's
13 affidavit as not based on his first-hand knowledge. Defendant's motion to strike Mr.
14 Romano's affidavit (Doc. 110) is denied. The Court has considered the information provided
15 in Mr. Romano's affidavit to the extent, if any, it is based on first-hand knowledge. See
16 Fed.R.Evid. 801(c) (defining hearsay); Fed.R.Evid.802 (excluding hearsay except as
17 provided by rules); Fed.R.Evid. 602 (limiting witness's testimony to those matters of which
18 the witness has personal knowledge).
19      Defendant has submitted the affidavit of its employees Lisa Sheldon and Brandie
20 Anslow. Ms. Sheldon states that she is the Regional Team Manager of Human Resources
21 and that she has provided information based on her own personal knowledge and her review
22 of pertinent employee files kept in the regular course of business. Ms. Anslow is the Director
23 of Human Resources and she also states that the information she has provided is based on her
24 own personal knowledge and her review of pertinent employee files kept in the regular
25 course of business. Plaintiff has moved to strike these affidavits and requested charges of
26 perjury. Plaintiff's motions to strike these affidavits and for charges of perjury (Doc. 114 &
27 115) are denied.
28

1  Defendant has noted numerous objections based on relevancy to Plaintiff's statement
2 of the facts. (see Doc. 112). The Court has considered various of these objected to facts as
3 bearing on Plaintiff's theory of the case. Defendant's objections are denied as to Plaintiff's
4 statement of facts paragraphs 2, 4, 6-9, 16, 24-25, 27-29, 32, 34 and 35. As to Defendant's
5 other objections to Plaintiff's statement of the facts based on vagueness, misstating the
6 evidence, etc., the Court has considered the documents and evidence submitted by the parties
7 for purposes of ascertaining the undisputed facts relevant to this case to the extent discussed
8 below.

9  III.

10  Background Facts.

11  On September 24, 2001, Defendant hired Plaintiff as Regional Mediator in the
12 Customer Relations Department. On March 28, 2002, Ruth Leatherman, Plaintiff's
13 supervisor, wrote a Letter of Recommendation to a Law School which stated that Plaintiff
14 "has interacted with our department in a professional capacity with tenacity, analytical
15 abilities and good communication skills ... She is well-liked by her peers, as well as the
16 internal customers that she serves." On October 14, 2002, Plaintiff was counseled because
17 she had used up her allotted "Paid Time Off" ("PTO") for the year, resulting in an unexcused
18 absence, and for being late to work more than ten times since August 1, 2002. On November
19 11, 2002, Plaintiff completed a self-evaluation in which she stated that she was a paralegal
20 and first-year law student and had a case load at times about 20 to 25 per cent higher than the
21 other mediators.

22  On November 22, 2002, Plaintiff and her supervisor, Ms. Leatherman, reviewed
23 Plaintiff's written annual Performance Review. This Performance Review noted that
24 Plaintiff's attendance was unsatisfactory and that Plaintiff was "impersonal and indifferent,"
25 and had difficulty interfacing with customers and co-workers. Plaintiff testified during her
26 deposition that she was aware of these performance issues and did not feel discriminated
27 against or harassed by Ms. Leatherman pointing them out to her. According to Plaintiff, her
28 performance rating in all areas except attendance was "consistently acceptable", she was

1  considered a "solid member of the team", and it was stated that her "performance meets and
2  is occasionally better than minimum expectations." Plaintiff has identified two instances in
3  December 2002 in which she promptly complied with Ms. Leatherman's requests for work-
4  related information.

5  On January 16, 2003, Plaintiff was written up for failing to follow up properly on two
6  legal matters involving customers. Because of this deficiency, additional and unnecessary
7  follow-up was required from other employees. Plaintiff responded by stating in writing:
8  "What's done is done and will not happen again." Plaintiff has implied in her statement of
9  facts that Ms. Leatherman never actually requested that these cases be opened. Plaintiff
10 further states that opening cases was not a normal job of her position as Relations Regional
11 Mediator. Defendant objects to Plaintiff's statements that this was not part of her job.

12 On February 26, 2003, a customer contacted Defendant's Customer Service
13 Supervisor and complained that Plaintiff had been rude and unprofessional to him. Plaintiff
14 received another write-up on March 5, 2003 after another employee complained that she had
15 insulted him by falsely stating in front of other employees that he was a drug user. Plaintiff
16 agreed that her comment was inappropriate and that she should have received the write-up.

17 Under Defendant's PTO policy, Plaintiff was entitled to five hours off for each pay
18 period. By March 19, 2003, Plaintiff was entitled to 25 hours off. Had Plaintiff sought and
19 obtained prior approval from management for vacation or personal reasons, she could have
20 borrowed up to an additional 40 hours. Had she sought this additional time, Plaintiff's total
21 available PTO as of March 19, 2003 would have been 65 hours, or 8 work days and one hour.

22 On February 10, 2003, Plaintiff had taken leave pursuant to the FMLA for five days,
23 until February 14, 2003. As of March 19, 2003, Plaintiff had been absent nine additional
24 days not covered by the FMLA. In addition, Plaintiff had been late to work twice and had
25 left early once. As of the pay period ending March 19, 2003, Plaintiff had negative 34.77
26 PTO hours. On March 19, 2003, Plaintiff was written up for violating Defendant's attendance
27 policy. Plaintiff's five FMLA days were inadvertently included in this write-up. Plaintiff
28 brought this error to Defendant's attention and the five FMLA days were immediately

1 removed from the write-up. Despite this error, Plaintiff had exceeded her allocated PTO and
2 was subject to a Performance Review and write-up. Plaintiff admitted in her deposition that
3 as of March 19, 2003, she had exhausted her PTO time and that the March 19th write-up was
4 appropriate under Defendant's policy.

5 When Ms. Leatherman discussed with Plaintiff her absenteeism and tardiness, Ms.
6 Leatherman allegedly told Plaintiff that several other people had been written up for
7 attendance issues the previous week.  Ms. Leatherman mentioned to Plaintiff that she had
8 "probably heard them talk about it on the floor." Plaintiff admitted during her deposition that
9 she had already been aware that several people had been written up at the time of Ms.
10 Leatherman's comments. Plaintiff complained about Ms. Leatherman's comments about other
11 people in an e-mail to Brandie Anslow, Defendant's Human Resources Director, and Eileen
12 Hickey, Defendants' Director of Retail Operations.  Plaintiff stated in the e-mail that "if we
13 believe in integrity and accountability, let's start with certain members of management",
14 specifically referring to Ms. Leatherman.

15 Plaintiff claims to have submitted her resume for the position of Regional Mediator
16 with Supervisory Experience with Defendant on the evening of March 20, 2003.

17 Defendant's management employees Ms. Leatherman and Ms. Anslow decided to
18 terminate Plaintiff's employment. The reasons for the termination were Plaintiff's numerous
19 performance issues and her continuing inability to get along with customers, co-workers and
20 her supervisor. The employment termination decision occurred on March 21, 2003.  Plaintiff
21 states that she was offered two weeks of pay without work which she denied and that she was
22 then terminated.  According to Plaintiff, Ms. Leatherman stated to her on March 21st that
23 "we're not happy with you and you're not happy."  At the time of this employment decision,
24 Ms. Leatherman was over forty years of age.

25 According to Defendant, Plaintiff's age or attendance were not considered as reasons
26 contributing to the termination decision. Plaintiff's employment allegedly was terminated
27 solely for poor performance.
28

- 6 -

Plaintiff testified during her deposition that the basis of her age discrimination claim is that her employment was terminated and she was replaced by a younger employee. Plaintiff also testified that the basis of her FMLA claim is that the March 19, 2003 write-up referenced days that were covered under the FMLA policy.

Plaintiff claims that she dropped out of law school in April 2003 and was forced to look for employment with comparable wages after her employment termination.

Plaintiff filed a complaint with the Department of Labor alleging that Defendant had violated the FMLA by terminating her employment. The Department of Labor Wage-Hour Investigator investigated the charge and concluded that Defendant had not violated the FMLA.

## IV.

## Discussion.

A. Plaintiff's ADEA claim.

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Regarding an ADEA claim, the plaintiff must establish a prima facie case of discrimination either through evidence showing the employer intended to discriminate or through a presumption arising from proof of the McDonnell factors. Villodas v. HealthSouth Corp., 338 F. Supp. 2d 1096, 1101 (D. Ariz. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973) and Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994)). Plaintiff must show that (1) she was over 40 years of age; (2) she was satisfactorily performing her employment responsibilities; (3) she was discharged from her employment; and (4) she was replaced by a substantially younger employee with equal or inferior qualifications. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000); Mundy v. Household Finance Corp., 885 F.2d 542, 545 (9th 1989).

The plaintiff in an employment discrimination case "need produce very little evidence in order to overcome an employer's motion for summary judgment." Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1124 (9th Cir. 2000). The plaintiff need only offer

1  evidence that "gives rise to an inference of unlawful discrimination." Wallis v. J.R. Simplot
2  Co., 26 F.3d 885, 889 (9th Cir. 1994) (quoting Lowe v. City of Monrovia, 775 F.2d 998,1005
3  (9th Cir. 1985)). The standard summary judgment principles apply, and a shifting burden
4  analysis is used. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir. 1990).
5  Throughout, the plaintiff retains the burden of persuasion. Texas Dep't of Community Affairs
6  v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093 (1981). When a plaintiff alleges
7  disparate treatment, "liability depends on whether the protected trait (under the ADEA, age)
8  actually motivated the employer's decision." Reeves v. Sanderson Plumbing Products, Inc.,
9  530 U.S. 133, 141, 120 S.Ct. 2097, 2105 (2000) (quoting Hazen Paper Co. v. Biggins, 507
10 U.S. 604, 610, 113 S.Ct. 1701 (1993)). If the plaintiff succeeds in making a prima facie
11 showing of illegal discrimination, then the defendant must articulate some legitimate,
12 nondiscriminatory reason for the employee's rejection. Reeves, 530 U.S. at 141, 120 S.Ct.
13 at 2105 (quoting McDonnell, 411 U.S. at 802, 93 S.Ct. at 1824). The burden is one of
14 production, not persuasion, and does not involve a credibility assessment. Reeves, at 142,
15 120 S.Ct. at 2106 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 113 S.Ct. 2742,
16 2749 (1993)). The burden then shifts back to the plaintiff to prove that the legitimate reason
17 proffered by the defendant is a pretext for discrimination. Reeves, at 143, 120 S.Ct. at 2106.

18       Defendant contends in its summary judgment motion that Plaintiff has not made a
19 prima facie case of age discrimination. Defendant argues that Plaintiff has not identified any
20 fact that shows that age was a motivating factor in the employment termination decision.
21 Moreover, Plaintiff was not performing her job in a satisfactory manner.

22       In her response, Plaintiff states that she was 45 years of age at the time of her
23 employment termination and that she was replaced by Stephanie Umlauf who was
24 approximately 25 years of age and hired approximately one month after Plaintiff's
25 employment was terminated. Plaintiff also appears to contend that her employment was
26 terminated based on retaliation, referring to the e-mail Plaintiff sent regarding Ms.
27 Leatherman's comments. Plaintiff further contends that Ms. Leatherman felt "threatened"
28 when Plaintiff applied for a supervisor position.

1         Plaintiff has shown facts indicating that she was over the age of 40 and suffered an
2  adverse employment action in the termination of her employment.  It is unclear, however,
3  whether Plaintiff was replaced by Ms. Umlauf. Plaintiff in her response has referred the
4  Court to the deposition of Ms. Leatherman who testified that Ms. Umlauf was hired for a
5  mediator position but she did not know the date Ms. Umlauf was hired.  Plaintiff has
6  submitted as Exhibit 29 to her statement of facts what appears to be an employment
7  application submitted by Ms. Umlauf dated April 21, 2003. (Doc. 122, Exh. 29).  Plaintiff's
8  employment was terminated approximately one month earlier on March 21, 2003.  Other
9  courts have held that a cause of action under the ADEA accrues on the date of the adverse
10 employment action and it is at that point that the plaintiff must show age as a motivating
11 factor.  See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 286 (3d Cir.
12 2003)(although plaintiff learned sometime later after being discharged that he had been
13 replaced by a younger employee, injury was complete and discovered upon date of
14 employment termination, discussing other cases in accord).
15        Moreover, Plaintiff also has not shown facts indicating that Ms. Umlauf had equal or
16 inferior qualifications. Plaintiff contends that Ms. Umlauf "had limited experience working
17 directly with customers and with complaint resolution", she was "not a paralegal" as was
18 Plaintiff, and she had "minimal experience as a manager." (Doc.109 at p. 10).  These
19 assertions essentially are conclusory. Plaintiff has referred to the deposition testimony of Ms.
20 Leatherman but other than testifying that Ms. Umlauf was hired for the position as
21 "mediator," the witness did not describe the job qualifications or requirements. (Doc. 122 -
22 Leatherman deposition at pp. 55- 60).  See, Ritter v. Hughes Aircraft Co., 58 F.3d 454, 457
23 (9th Cir. 1995)(noting plaintiff's failure to present specific evidence establishing the identity,
24 age or inferior qualifications of the alleged person who replaced him following his
25 employment termination). See also, Nesbit v. Pepsico, Inc., 994 F.2d 703 (9th Cir. 1993).
26 The Court has no obligation to "scour" the record in search of a genuine issue of triable fact.
27 Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)(it is not the court's task to scour the
28

record in search of a genuine issue of triable fact; the court relies on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment).

It further does not appear that age was a motivating factor in the decision made to terminate Plaintiff's employment made by Ms. Leatherman and Ms. Anslow. "[A]n employer's intent to discriminate must be evaluated by reference to the decision-maker actually ordering the adverse employment action, not to other persons in the company." <u>Woodman v. WWOR-TV, Inc.</u>, 411 F.3d 69, 89 (2d Cir. 2005). There further was evidence that Plaintiff was not performing her job in a satisfactory manner in light of the customer complaint, the inappropriate comment about a co-worker and her failure to open the two cases which caused additional work by other employees. As to this latter issue, Plaintiff has referred to her own deposition submitted as Exhibit 9 to her statement of facts. (Doc. 122, Exh. 9). While Plaintiff appeared to dispute that her duties included follow-up on these "two cases," Plaintiff testified as follows in her deposition:

> Q. Right. But as you sit here today, you have no reason to dispute what was written up on January 16th of 2003, which we have attached as Exhibit No. 4. In fact, your only response at the time when you were given an opportunity to dispute that was, 'What's done is done and won't happen again,' correct?
>
> A. My response was, 'What's done is done and will not happen again.' 'Did not follow up properly,' that's disputable. I'd have to review the notes. 'Did not open the cases,' it wasn't my job to open up the cases.
>
> Q. It was your job to make sure that the cases were opened up. If they were sent to you, it was definitely your obligation to make sure that they were in the system?
>
> A. Right.
>
> Q. You're not disputing that?
>
> A. No, I'm not.

(Doc. 122, Exh. 9, at pp. 145-46).

Even if the Court were to find that Plaintiff has made out a prima facie case of age discrimination, the burden then shifts to Defendant to articulate a legitimate, non-discriminatory reason for the employment termination. In this case, Defendant has presented

- 10 -

1 evidence that Plaintiff's performance review in November 2002 indicated that Plaintiff was
2 "impersonal and indifferent," and had difficulty interfacing with customers and co-workers.
3 In January 2003, Plaintiff was written up for failing to follow up properly on two legal
4 matters involving customers causing additional and unnecessary follow-up from other of
5 Defendant's employees. In early March 2003, Plaintiff made a false accusation directed at
6 a co-worker. Defendant has satisfied its burden of demonstrating legitimate, non-
7 discriminatory reasons for the termination of Plaintiff's employment on March 21, 2003.

8 The issue is whether at this stage on summary judgment proceedings Plaintiff has
9 demonstrated the existence of evidence to create a genuine issue of material fact as to
10 whether the reasons proffered by Defendant for terminating her employment were a pretext
11 for discrimination. Plaintiff's assertions that Ms. Leatherman was retaliating against her for
12 sending the e-mail or for applying for a supervisor position do not implicate age
13 discrimination. Plaintiff has failed to demonstrate the existence of evidence that shows a
14 genuine issue of material fact as to her age discrimination claim.

15        B. <u>Plaintiff's FMLA claim</u>.

16 The Ninth Circuit has held that complaints alleging adverse employment actions taken
17 against employees because they have used FMLA leave should not be construed as claims
18 for retaliation or discrimination. Rather they should be considered as claims of interference
19 with rights guaranteed by the statute. <u>Bachelder v. America West Airlines, Inc.</u>, 259 F.3d
20 1112, 1124 (9th Cir. 2001). The court does not apply the burden-shifting analysis to an
21 FMLA claim. Instead, the plaintiff need only establish, by a preponderance of the evidence,
22 that (1) she took FMLA-protected leave; (2) she suffered an adverse employment action; and
23 (3) the adverse action was causally related to the FMLA-leave. <u>Id</u>.

24 Defendant contends there is no evidence that the employment decision was based on
25 Plaintiff's FMLA leave. Plaintiff has responded by citing the error in calculating the number
26 of days covered under her FMLA policy in the March 19, 2003 write-up. As Defendant
27 emphasizes, Plaintiff pointed out this error and Defendant corrected the mistake. It is
28 undisputed that as of March 19, 2003, Plaintiff had exhausted her PTO time. Plaintiff

1  received a write-up regarding her absenteeism as consistent with Defendant's personnel
2  policy. Plaintiff has not disputed the propriety of this write-up. There is no evidence that
3  Plaintiff's employment was terminated because she took FMLA-protected leave or that she
4  was treated disparately for taking leave under the FMLA.

V.

Conclusion.

Summary judgment is appropriate where the moving party has demonstrated that there exists no genuine issue of material fact and the party is entitled to judgment as a matter of law. Defendant has made such a showing on summary judgment. Defendant's motion for summary judgment as to Plaintiff's age discrimination and FMLA claims is granted.

**Accordingly**,

**IT IS ORDERED** that Defendant's motion to strike Plaintiff's response to Defendant's reply and Plaintiff's response to Defendant's supplemental statement of facts (Doc. 118) is granted. The Clerk of Court is directed to strike the following documents: Plaintiff's response to Defendant's reply (Doc. 116); and Plaintiff's response to Defendant's supplemental statement of facts (Doc. 117).

**IT IS FURTHER ORDERED** that Defendant's motion to strike affidavit (Doc. 110) is denied as set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike affidavits and for charges of perjury (Doc. 114-15) are denied.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Doc. 107) is granted as to all of Plaintiff's claims.

**IT IS FURTHER ORDERED** that Judgment shall be entered consistent with this Order.

DATED this 25th day of March, 2006.

_____
Mary H. Murguia
United States District Judge